# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**NORMAN B. WORKMAN,**
**Claimant below, Petitioner**

**vs.)    No. 22-ICA-132    (JCN: 2019024162)**

**WASTE MANAGEMENT,**
**Employer below, Respondent**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Norman B. Workman appeals an August 29, 2022, Order of the Workers' Compensation Board of Review ("Board") which affirmed a February 15, 2022, decision of the Workers' Compensation Office of Judges ("OOJ"). The OOJ affirmed three orders issued by the claim administrator on August 26, 2020. One order denied Mr. Workman's authorization request for a chest x-ray, a neurological referral, an orthopedic referral, and the medication Zanaflex; the second order denied the claimant's request to reopen the claim for temporary total disability benefits; and the third order denied the claimant's request to add cervical pain, back pain, and left rib pain as additional compensable conditions to the claim. Respondent Waste Management filed a timely response.[1] Petitioner filed a reply. The issue on appeal is whether the Board erred in affirming the OOJ's February 15, 2022, decision.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's Order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Workman was employed by Waste Management[2] as a truck driver. On May 17, 2019, he was injured when the truck he was driving struck a concrete bridge wall. Mr.

---

[1] Mr. Workman is represented by Sandra K. Law, Esq. Waste Management is represented by Jeffrey B. Brannon, Esq. and Jane Ann Pancake, Esq.

[2] For reasons not readily apparent in the appendix record, the respondent substituted "WV Roll Off Services" for the employer that was identified below as "Waste Management." Consistent with the action of the Supreme Court of Appeals of West Virginia in Delbert v. Murray American Energy, Inc., Nos. 20-0537 & 21-0944, 2022 WL

1

Workman was treated at United Hospital Center in Bridgeport, West Virginia later that day, and he was diagnosed with a left rib fracture, a right wrist strain, abrasions, and contusions. A work excuse from United Hospital Center dated May 17, 2019, restricted Mr. Workman from work activities until May 21, 2019.

The record indicates Mr. Workman began treatment at Med Express in Clarksburg, West Virginia. In a deposition dated March 23, 2021, Mr. Workman testified that Med Express released him to modified duty on May 23, 2019. According to Mr. Workman, when he returned to work on May 23, 2019, he was terminated from employment. A "Counseling & Warning Document" dated May 23, 2019, submitted by Waste Management, indicates Mr. Workman was terminated for accumulated preventable incident points.

Mr. Workman returned to Med Express on May 28, 2019, complaining of head, neck, chest, shoulder, wrist, and low back pain. Mr. Workman was examined and diagnosed with a rib fracture, a neck sprain, and low back pain. Med Express restricted Mr. Workman to below sedentary work activities. Thereafter, on June 4, 2019, the claim administrator held the claim compensable for a closed left rib fracture and a wrist sprain.

Mr. Workman continued treatment with Med Express for chest, left shoulder, right wrist head, neck, and low back pain. On June 3, 2019, Med Express referred Mr. Workman to physical therapy, and on June 17, 2019, he was referred for MRIs to the cervical and lumbar spines. A cervical MRI dated June 26, 2019, revealed disc osteophytes and canal narrowing from C3 through C7. At C5-C6, the canal narrowing was characterized as severe. A lumbar MRI dated June 26, 2019, revealed broad based disc bulges at L2 through S1 with moderate bilateral foraminal narrowing at L5-S1.

Mr. Workman saw Prasadarao Mukkamala, M.D., on August 21, 2019, for an independent medical evaluation. Dr. Mukkamala wrote that the claim was compensable for fractured ribs and abrasions to the right hand, left shoulder, right wrist, chest, head, low back, and neck. At the time, Mr. Workman was complaining of headaches and neck, left shoulder, low back, left hip, and left leg pain. He also described bilateral hand numbness, worse on the left. Mr. Workman had not returned to work. Dr. Mukkamala wrote that Mr. Workman had normal ranges of motion, except at the lumbar spine. According to Dr. Mukkamala, Mr. Workman's lumbar spine ranges of motion were invalid. Dr. Mukkamala determined that Mr. Workman was at maximum degree of medical improvement, that he needed no further treatment, and that Mr. Workman had no impairment from the compensable injury.

---

16646484, *1 n.1 (W.Va. Nov. 3, 2022), we use the name of the employer designated in the order on appeal.

The record indicates Mr. Workman took physical therapy through September 3, 2019, and he was treated at Med Express though February 21, 2020. According to Med Express treatment notes, Mr. Workman complained mainly of left shoulder, neck, and low back symptoms. During this period, Mr. Workman was referred for additional physical therapy and to a spine clinic; however, those requests were denied by the claim administrator. Med Express Workers' Compensation Duty Forms describe varying restrictions. The forms show that Mr. Workman was placed on modified duty through June 10, 2019, when he was released to return to work at full duty without restrictions. However, Mr. Workman was placed back on modified duty on July 31, 2019, through February 21, 2020. The Med Express February 21, 2020, treatment note recommended that Mr. Workman be referred to a "specialist." During this period, Mr. Workman was diagnosed with a neck sprain, neck pain, a left shoulder sprain, a low back sprain, low back pain, and chronic pain.

Mr. Workman then began treating with Debra Murray, nurse practitioner.[3] He submitted Ms. Murray's treatment notes dated May 21, 2020, through September 22, 2021. During this period, Mr. Workman complained of left rib, neck, shoulder, lumbar, left hip, and right leg pain. Ms. Murray prescribed various medications, including pain medications, and she completed several Diagnosis Update forms, requesting that neck, shoulder, back, and hip pain be recognized as compensable. She also referred Mr. Workman for additional physical therapy.

The record reflects that Mr. Workman requested the claim to be reopened for temporary total disability benefits on June 2, 2020. Ms. Murray completed the physician section of the claim reopening form, stating that Mr. Workman was unable to work due to cervical, back, and rib pain. Thereafter, on July 6, 2020, Ms. Murray requested authorization for Mr. Workman to undergo a chest x-ray, that he be referred a neurosurgeon and an orthopedist, and that he be prescribed the medication Zanaflex.

On August 26, 2020, the claim administrator issued three orders. One order denied Mr. Workman authorization request for a chest x-ray, referrals to a neurosurgeon and an orthopedist, and the medication Zanaflex. A second order denied Mr. Workman's request to reopen the claim for temporary total disability benefits. The third order denied Mr. Workman's request to add cervical, back, and left rib pain as additional compensable conditions. The orders were based on Dr. Mukkamala's August 21, 2019, medical evaluation wherein he stated the compensable injuries had resolved; that Mr. Workman was at maximum degree of medical improvement; and that he needed no further treatment. Mr. Workman protested the three orders to the OOJ.

---

[3] A claim administrator order dated October 17, 2019, approved Mr. Workman's request to change his treating physician to Lively Healthcare. As is hereinafter described, Mr. Workman represented to the Board of Review that Ms. Murray works at Lively Healthcare.

As is mentioned above, Mr. Workman was deposed on March 23, 2021. He described the compensable injury, his subsequent medical treatment, and his symptoms. Mr. Workman testified that had not returned to work, and that he had not been released to return to work without restrictions.

Finally, the record reflects that Mr. Workman began treating with Chris Kennedy, D.O., who on July 17, 2021, completed a Diagnosis Update form requesting that lumbosacral spondylosis with radiculopathy, displacement of intervertebral disc, spinal stenosis, and displacement of a cervical intervertebral disc be added as additional compensable conditions. On that date, Dr. Kennedy also requested authorization for Mr. Workman to receive the medications gabapentin and hydrocodone for chronic cervical and lumbar pain.[4]

On February 15, 2022, the OOJ issued a decision affirming the claim administrator's orders denying a chest x-ray, neurosurgical and orthopedic referrals, and the medication Zanaflex; denying Mr. Workman's request to reopen the claim for temporary total disability benefits; and denying his request to add cervical, back, and left rib pain as additional compensable conditions. The OOJ determined that Ms. Murray's treatment notes did not indicate a physician was supervising her treatment of Mr. Workman, and that Ms. Murray was not an authorized treating physician. The OOJ decision states that West Virginia Code of State Rules §85-20-6.1 (2006) requires treating physicians to make authorization requests for claimants in West Virginia workers' compensation claims.

Mr. Workman appealed to the Board, which affirmed the OOJ decision on different grounds. The Board's August 29, 2022, order notes that counsel for Mr. Workman represented that Ms. Murray works for Lively Healthcare, and that Lively Healthcare is Mr. Workman's authorized treating physician. The Board stated that West Virginia Code of State Rules §§ 85-20-6.1, 5.4 and 6.1, when read together, authorize nurse practitioners to treat West Virginia workers' compensation claimants, and that Ms. Murray was authorized to treat Mr. Workman by the claim administrator when it approved Lively Healthcare as his treating physician.

The Board also determined that pursuant to *Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196 (April 25, 2019) (memorandum decision), and *Whitt v. U.S. Trinity Energy Services, LLC*, No. 20-0732, 2022 WL 577578 (February 25, 2022) (memorandum decision), pain is not an appropriate condition to be added to a workers' compensation claim because pain is a symptom and not a diagnosis. Furthermore, the Board found that a chest x-ray, a neurological referral, an orthopedic referral, and the medication Zanaflex were not medically necessary to treat the compensable injury. Finally, the Board found that Mr. Workman was not entitled to further temporary total

---

[4] Dr. Kennedy's July 17, 2021, requests are not at issue in this decision.

4

disability benefits because he failed to show an aggravation or progression of the compensable conditions. The Board also reasoned that Mr. Workman was terminated by Waste Management[5] and that he had not returned to work since his termination; therefore, he had no wages to replace. It is from the Board's August 29, 2022, order that Mr. Workman now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. 2022).

After reviewing the record before this Court, we determine that the Board's order should be affirmed. The Board was not clearly wrong when it determined that pain is not an appropriate compensable condition in this claim. Indeed, the OOJ cited cases from the Supreme Court of Appeals of West Virginia that hold pain is a symptom and not a diagnosis. Moreover, the recognized compensable conditions in this claim do not warrant pain diagnoses as compensable.

Furthermore, we find that the Board was not clearly wrong when it determined that a chest x-ray, neurosurgical and orthopedic referrals, and the medication Zanaflex are not medically necessary to treat the compensable injury. Mr. Workman's medical records do not justify a chest x-ray over a year after he broke a rib. Moreover, neurosurgical and orthopedic referrals, and the medication Zanaflex, treat non-compensable neck and lumbar

---

[5] The reason for Mr. Workman's termination is not relevant to this appeal.

pathology and, thus, were properly denied. Finally, the Board correctly affirmed the denial of reopening for temporary total disability benefits. The physician section of the claim reopening form listed neck, back, and chest pain, which are not compensable. Finding no error, we affirm the Board's August 29, 2022, order.

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

6